United States Court of Appeals
Fifth Circuit

**F I L E D**

June 14, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41557
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ORLANDER CRAZE JOHNSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:04-CR-131-3
--------------------

Before KING, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:*

Orlander Craze Johnson appeals his conviction, following a
jury trial, for conspiracy to possess with intent to distribute
50 grams or more of cocaine base.  He first asserts that the
evidence was insufficient to support his conviction because the
Government's case relied primarily on the testimony of a
coconspirator, which he contends was unreliable and
unsubstantiated.  The testimony of various Government witnesses,
including the cooperating coconspirator, was sufficient to
support the conspiracy conviction because the testimony

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

established the existence of an agreement between two or more persons to violate narcotics laws, Johnson's knowledge of such agreement, and his voluntary participation in it. See United States v. Peters, 283 F.3d 300, 307 (5th Cir. 2002); United States v. Westbrook, 119 F.3d 1176, 1189 (5th Cir. 1997).

Johnson avers that the district court should have excluded, under FED. R. EVID. 404(b), the evidence of extraneous drug transactions. The district court's evidentiary ruling with respect to Johnson's extraneous drug transactions was in accord with Rule 404(b), which provides that extrinsic evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person to show action in conformity therewith, but is admissible for other purposes, such as intent. See FED. R. EVID. 404(b); United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) (en banc). Also, the district court diminished the prejudicial effect of the Rule 404(b) evidence by giving a limiting instruction to the jury regarding the proper use of the evidence. United States v. Taylor, 210 F.3d 311, 318 (5th Cir. 2000). The district court therefore did not abuse its discretion with reference to the challenged evidentiary ruling. United States v. Buchanan, 70 F.3d 818, 831 (5th Cir. 1995). The judgment of the district court is AFFIRMED.